UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION CAPITAL PROPERTIES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SEAN DOMINGUEZ, PAIGE DOMINGUEZ and DOES 1 to 10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-cv-1389-GPC(KSC)<br><br>**ORDER SUA SPONTE REMANDING ACTION TO STATE COURT** |

On July 10, 2017, Defendants Sean Dominguez and Paige Dominguez ("Defendants"), proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for San Diego County. Based on the reasoning below, the Court *sua sponte* REMANDS the action to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83,

94-95 (1988). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence . . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. Here, Defendants assert federal question jurisdiction. For an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393.

A review of the state court complaint in this case shows that Plaintiff Mission Capital Properties, Inc. ("Plaintiff") alleges a single cause of action for unlawful detainer under California state law. In the notice of removal, Defendants argue that a federal statute, Protecting Tenants at Foreclosure ("PTFA")[1], applies to their case and thus,

---

[1] The Protecting Tenants at Foreclosure Act of 2009 states that:

> . . . . In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to—

provides the Court with federal question jurisdiction.

Foremost, "the PTFA expired on December 31, 2014." Fairview Tasman LLC v. Young, Case No. 15cv5493-LHK, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (citing Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010) (setting date of expiration)); see also Franks v. Franks, Case No. 17cv893-CAB-AGS, 2017 WL 1735169, at *2 (S.D. Cal. May 4, 2017). Here, the unlawful detainer action was filed on March 9, 2017, and there is no indication that any of the facts constituting the unlawful detainer action occurred prior to December 31, 2014. In fact, Plaintiff became the owner of the subject property on March 1, 2017, after the PTFA expired. (See Dkt. No. 1 at 9.[2]) However, even if the PTFA applied, Defendants' argument is still without merit.

The PTFA does not create a cause of action for a tenant. Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1169 (9th Cir. 2013). In Logan, the court analyzed the Congressional record to determine that Congress showed no implicit or explicit intent to create a cause of action under the PTFA. Id; see also Nativi v. Deutsche Bank Nat'l Trust Co., No. 09-06096 PVT, 2010 WL 2179885 (N.D. Cal. May 26, 2010). The Ninth Circuit held that the PTFA neither explicitly nor implicitly creates a cause of action, but

---

(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and

(2) the rights of any bona fide tenant, as of the date of each notice of foreclosure—
    (B) without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of the 90 day notice under subsection (1)[.]

See Pub. L. No. 111–22, § 702, 123 Stat. 1632, 1660-61 (2009). The Protecting Tenants at Foreclosure Act was enacted to provide certain protections to tenants of foreclosed properties, including the right to live on the foreclosed property for the duration of the lease and the right to receive a 90 day notice to vacate. Nativi v. Deutsche Bank Nat. Trust Co., No. 09-06096 PVT, 2010 WL 2179885, at *3 (N.D. Cal. May 26, 2010) (holding that the PTFA does not create a private right of action but rather created protections for tenants in state court proceedings.).

[2] Page numbers are based on the CM/ECF pagination.

3

instead explained that the PTFA is a defense in California state eviction proceedings. Logan, 722 F.3d at 1173. Therefore, the PTFA does not create a cause of action that could have originally been brought in federal court, and as a defense, it is insufficient to confer subject matter jurisdiction. See Caterpillar Inc., 482 U.S. at 393 ("a case may not be removed to federal court on the basis of a federal defense").

Thus, Defendants' assertion of federal subject matter jurisdiction is without merit and Plaintiff's state law unlawful detainer claim is not removable.

## Conclusion

Based on the above, the Court *sua sponte* REMANDS the action to the Superior Court of the State of California for San Diego County.

**IT IS SO ORDERED.**

Dated: July 12, 2017

Hon. Gonzalo P. Curiel
United States District Judge